# Alabama Marble Company, Appellee, v. H. L. Stevens, Appellant.

## Gen. No. 21,838.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 18, 1917.

## Statement of the Case.

Action by the Alabama Marble Company, plaintiff, against H. L. Stevens, defendant, to recover, for certain services rendered and material furnished under a written contract, a claimed balance of $1,614.91. From a judgment for plaintiff for the amount claimed, defendant appeals.

WILKERSON, CASSELS & POTTER, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 171*—*when whole of instrument considered.* In interpreting a contract to determine the mutual obligations of the parties thereto, it is necessary to consider the whole of the contents of the instrument.

2. PRINCIPAL AND AGENT; § 169*—*when right to recover against agent is dependent upon receipt of money from principal.* Where a contract for the rendering of certain services and the furnishing of certain material by the plaintiff for the defendant as agent of the owner of a building for a certain sum to be paid by the defendant, provided further that no money should be due under the contract until the defendant had received such money from the owner, *held* that such provision was not a qualification or exception but an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

inherent part of the liability, and plaintiff's right to compensation or to sue therefor was dependent upon defendant having received the money from the owner of the building.

3. PRINCIPAL AND AGENT, § 223*—*when burden is on plaintiff of proving receipt of money by agent.* In an action brought to recover under a contract for services rendered and materials furnished by the plaintiff for the defendant as agent of the owner of a building for a certain sum to be paid by the defendant, and providing that no money should be due under the contract until the defendant had received such money from the owner, where the statement of claim set up such contract and defendant's affidavit of merits set up that no money had been paid by the owner of the building, *held* that such affidavit did not set up a plea in the nature of confession and avoidance but was a direct traverse of a material part of plaintiff's cause of action, and put the burden upon plaintiff of proving that the defendant had received such money.